Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Foothill Ranch, CA 92610
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**PROPOSED COUNSEL FOR**
**DEBTOR-IN-POSSESSION**
**KINETIC ENTROPY, LLC.**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| | |
|---|---|
| In re:  KINETIC ENTROPY, LLC. | **Case No.:** 2:24-bk-15376-BB |
| | **Chapter:** 11 |
| | **DEBTOR-IN-POSSESSION KINETIC ENTROPY, LLC'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF LAKE FOREST BANKRUPTCY II, APC AS REORGANIZATION COUNSEL EFFECTIVE AS OF JULY 8th, 2024** |
| | **[FILED CONCURRENTLY WITH THE STATEMENT OF DISINTERESTEDNESS OF LAKE FOREST BANKRUPTCY II, APC]** |
| | [No Hearing Required Unless Requested Pursuant to L.B.R. 2014-1] |

///

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE,**

**TO THE UNITED STATES TRUSTEE, TO THE SUBCHAPTER V TRUSTEE DOUGLAS**

**FLAUHAUT AND TO ALL OTHER PARTIES AND THEIR ATTORNEYS OF RECORD:**

KINETIC ENTROPY, LLC. ("Debtor") files this application (the "Application") for entry of an order authorizing the employment of LAKE FOREST BANKRUPTCY II, APC ("LFB", "Lake Forest Bankruptcy") as its Bankruptcy reorganization counsel effective as of July 8th, 2024 to represent it throughout the duration of its Chapter 11 case.

This application is brought pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2014(a), and Local Bankruptcy Rule ("Local Rule") 2014-1(b). This Application is based on the attached declaration of Anerio V. Altman, the Statement of Disinterestedness filed by Lake Forest Bankruptcy, the LFB statement of attorney compensation filed pursuant to Bankruptcy Rule 2015(b), the other relevant papers of record in the case, and upon such further pleadings and evidence as may be filed in connection with this Application.

In support of the Application, the Debtor and LFB respectfully represent as follows:

## I.    BACKGROUND OF THE DEBTOR

The Debtor is a single member LLC which owns real property in Beverly Hills California. The managing member of the Debtor is Patricia Stewart. It has had no other members or officers since it was formed in 2019.

The Debtor's business up until recently was to rent out the property. The Debtor acquired the property from an unrelated third party for the purchase price of $2,840,000. The monthly payment on the property is approximately $20,000. When the property was being rented out it

---

APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

1  would be rented out for a sum slightly greater than that payment amount.

2      The Debtor fell behind on its obligations owed to the first mortgage lender over the last 7

3  months and is now facing foreclosure. This bankruptcy was filed to stave off the foreclosure and

4  to reorganize.

5      The Debtor has one parcel of real property located at 2828 Benedict Canyon, Beverly Hills,

6  CA 90210 ("Home"). The Debtor purchased this property for $2,840,000. The current estimated

7  value of the Home is approximately $4,000,000. The Home is a single family residence located on

8  1.6 acres. It is in good condition. The only current resident of the Home is Patricia Stewart, the

9  Managing Member.

10     The Debtor possesses $15,600 in cash assets.

11     The Debtor could possibly possess a claim as against its first mortgage holder for mortgage

12  servicing abuses. The viability of these claims are not clear. The Debtor is researching the issue.

13     The Debtor has few creditors.

14     Jayco Premium Finance[1] is the holder of the first mortgage attached to the Home. Jayco

15  asserts that their claim is worth approximately $2,900,000. The Debtor asserts that there is a series

16  of unauthorized charges for late fees and the amount in question should be closer to $2,600,000.

17  Parties by counsel are in communication over resolving this issue.  Debtor does not dispute that

18  Jayco would have a secured interest in any rents generated by this property.  A request to use cash

19  collateral will be filed with the court if and when necessary.

20

21

22  _____

23  [1] Or any successor in interest.

24
_____

APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

Property taxes are owed to County of Los Angeles for the Home in the amount of approximately $30,000.

The IRS is owed approximately $80,000 in income tax from the Debtor. This is an estimate as the Debtor did not pay taxes on rental income earned for some period of time. The Debtor is filing a Motion to Employ Mr. Gordon Quan on behalf of the estate to finalize her tax return filings.

The SBA is owed approximately $150,000 from a pre-petition loan. This is undisputed.

LADWP The Los Angeles Department of Water and Power is owed $20,000 for unpaid utility bills. This is undisputed.

The Debtor is determining how to best reorganize. The Debtor must decide whether to sell or rent the Home, and must do so very quickly. Due to the liquidated dividend available to creditors in this matter, all unsecured creditors must be paid at 100% of the value of their claims. This is unavoidable. As a consequence, the Debtor would need to rent the home for at least $26,000 a month, which is higher than what they have rented it before. In addition to prospective General Counsel, the Debtor has both real estate counsel and a realtor available to assist in this process.

The Debtor, by way of their litigation counsel, is negotiating a lower payoff for Jayco based on impermissible interest accrued and claimed on the note. Recent developments seem positive to resolving this issue.

The Debtor must also decide whether to try and resolve these issues by way of confirmation of a Chapter 11 Plan, or simply a liquidation and structured dismissal. If the Debtor is liquidating the Home, a Chapter 11 Plan is almost superfluous if all creditors would need to be paid in full from the sale. The Debtor could simply sell the home and agree by terms of the dismissal to pay all creditors including administrative creditors.

APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

## II.    RETENTION OF LFB

On or about July 1, 2024, LFB was retained by the Debtor to evaluate its ability to acquire relief under the bankruptcy code and to potentially represent the Debtor in a Chapter 11 Filing. An engagement agreement was entered into between LFB and the Debtor's Principal Patricia Stewart.  After discussions concerning the Debtor's business activities, it was decided that the Debtor would elect to file under Subchapter V of Chapter 11 of the United States Code since the business was operating.   The parties executed an engagement agreement for the Chapter 11 services, a true and correct copy which is attached to this document as an exhibit.  Exhibit 1.

## III.    REQUESTED RELIEF

The Debtor wishes to employ LFB pursuant to Section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1(b) as its bankruptcy reorganization and general insolvency counsel, effective as of July 8th, 2024, with compensation in such amount as the Court may allow in accordance with the law, on the terms set forth in this Application.

## IV.    DISCUSSION

### A.  Scope of Proposed Employment

Subject to the Court's approval, the Debtor wishes to employ LFB as its reorganization and general insolvency counsel in connection to its Chapter 11 case, effective as of the Petition Date, to render the following types of professional services, among others:

1.  To advise and assist the Debtor with respect to compliance with the requirements of the United States Trustee;

2.  To advise the Debtor regarding matters of bankruptcy law, including the rights and remedies of the Debtor with regard to its assets and liabilities;

APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

3.  To represent the Debtor in any proceedings or hearings before this Court and in any action in any other court where the Debtor's rights under the Bankruptcy Code may be affected;

4.  To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to the Debtor's chapter 11 case;

5.  To advise the Debtor concerning the requirements of the Bankruptcy Code and applicable rules as the same may affect the Debtor in its Chapter 11 case;

6.  To assist the Debtor in the formulation, negotiation, confirmation, and implementation of a Chapter 11 plan of reorganization, liquidation or combination thereof; and

7.  To take such other action and perform such other services as the Debtor may require in connection with their Chapter 11 case.

**B.  Quaifications of LFB**

LFB is well qualified to represent the Debtor.  The only attorney to be employed in this matter is Anerio V. Altman, Esq.

**Anerio V. Altman, Esq.:**   Mr. Altman has been practicing bankruptcy law for approximately 20 years.  He has appeared as the attorney of record in 17 prior Chapter 11s and has written supporting documents as a contract attorney on numerous case.  He has extensive experience in Bankruptcy Cases and has been the primary force behind over 1500 bankruptcy matters, litigated close to 100 adversary proceedings and has six published cases in the Central

District of California.  He represents Debtors, Creditors and Trustees.   A summary of the experience and qualifications of Anerio Altman is attached to the concurrently filed exhibits. Exhibit 2.

Mr. Altman is the former president and current director of the Orange County Bankruptcy Forum, is a former president of the Orange County Commercial Law and Bankruptcy Section, speaks at national conferences on bankruptcy matters and teaches classes on bankruptcy practice at various CLE seminars.

**C.  Terms Of Engagement**

As noted above, in connection with preparing for this filing, LFB and the Debtor entered into the Engagement Agreement.  The Debtor's employment of LFB is subject to the terms of this Application and the Engagement Agreement.  In the event of conflict between this Application and the Engagement Agreement, and any rules or guidelines promulgated by the Office of the United States Trustee, the rules of the OUST shall prevail, followed by the terms of this Application which shall then control.

**D.  PAYMENT TERMS**

LFB anticipates that its compensation for its services will come from the retainer on hand and, should fees and costs exceed this amount on hand, from the Debtor's post-petition earnings over the three years of the Debtor's confirmed plan.  LFB will disclose its specific services and payments to the Court and parties in interest at the time of its fee application.

Subject to Court approval and in accordance with Bankruptcy Code Section 327(a), the Debtor wishes to employ LFB with compensation on an hourly rate basis and to reimburse LFB for actual, necessary expenses and other reasonable charges incurred.  The current normal and

1    customary hourly rates charged by the attorneys who are anticipated to be providing services to

2    the Debtor are $500 for LFB's work.

3        The standard hourly rates set forth above are LFB's current guideline hourly rates, and

4    these rates are set at a level designed to fairly compensate LFB for the work of its attorneys and to

5    cover fixed and routine overhead expenses.  LFB's hourly rates are subject to periodic adjustments

6    to reflect economic and other conditions.

7        In addition to LFB's professional fees, its biling statements will include charges for

8    reasonable and necessary third party and staff services employed in the course of its representation

9    of the Debtor, as well as expense incurred with respect to long-distance telephone calls, postage,

10    messenger services, photocopying, filing fees, travel, computerized legal research, and facsimile

11    transmission.  These charges are separately itemized on LFB's statements at scheduled rates based

12    on the service involved and out-of-pocket disbursements incurred.  LFB will charge the Debtor for

13    these expenses in a manner and at a rate that is consistent with charges generally made to its other

14    clients.  No charges will be assessed for word processing or secretarial overtime.

15        LFB will seek payment of compensation and reimbursement of expenses regarding its

16    representation in accordance with Bankruptcy Code Section 331, the Federal Bankruptcy Rules,

17    Local Bankruptcy Rule 2016-1, the guidelines promulgated by the U.S. Trustee, and any

18    procedures that may be established by this Court.  In addition, LFB understands and agrees that if

19    aggregate interim payments exceed the amount which is ultimately allowed by the Court, LFB will

20    be required to, and will, promptly repay the difference.

21        LFB will file one or more fee applications seeking authority to receive compensation and

22    reimbursement of expenses consistent with any orders of the Court and applicable procedures

23

24

1  established by the Office of the United States Trustee.  To the extent any fees or expenses paid to

2  LFB are disallowed by this Court, such disallowed amounts may be ordered disgorged by LFB

3  and returned to the Debtor pursuant to Bankruptcy Code Sec. 329(b).

4         **E.  Retainer and Pre-Petition Payments**

5         As noted above, LFB was initially retained by the Debtor on July 1, 2024.  In the period

6  prior to appearing in this matter, LFB's services included advice regarding negotiations with

7  creditors, the potential restructuring of the Debtor's secured debt, and alternatives if restructure

8  could not be arranged.  In addition, LFB expended time reviewing the Debtor's petition schedules

9  statement of financial affairs and related documents.

10         After being retained, LFB received a retainer of $5,000 from the Debtor.  Of that amount,

11  $0 remains after paying for pre-petition services.

12  **V.  DISINTERESTEDNESS OF LFB**

13         LFB maintains a database of its pertinent client matters.  In connection with its proposed

14  representation of the Debtor, LFB performed an internal conflicts search on the names of equity

15  holders and secured and unsecured creditors of the Debtor (as provided by the Debtor's Principal)

16  to ensure that the firm does not have a conflict of interest would prohibit it from representing the

17  Debtor in this matter.  As LFB becomes aware of new parties-in-interest being involved in this

18  case, it will file supplemental declarations as needed to update the disclosures made in this

19  Application.

20         To the best of the Debtor's knowledge, information and belief, LFB and all of the attorneys

21  comprising or employed by the Debtor are disinterested persons who do not hold or represent an

22  interest adverse to the Debtor's estate and who do not have any connection with the Debtor, its

23

24

creditors, or any other party in interest in this case or with their respective attorneys or accountants, or with any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.  A Statement of Disinterestedness of LFB has been filed concurrently with this Application.

Pursuant to Bankruptcy Rule 2014(a), the Declarations set forth any connections of LFB with the Debtor, its creditors, and other known parties-in-interest.  The Declarations also disclose the method in which LFB has reviewed its own records and files and has obtained information in connection with matters set forth herein.  The Declarations also set forth the manner in which LFB will continue to review its files in connection with this Application to make further disclosures as warranted.  LFB believes that it is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code for the reasons herein discussed.

## VI.    CONCLUSION

WHEREFORE, the Debtor respectfully requests as follows:

1.    That it be authorized, pursuant to Section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1(b), to employ LFB as its bankruptcy reorganization and general insolvency counsel, effective as of July 8th, 2024 including LFB's partners, associate attorneys, "Of Counsel" attorneys, and legal assistants, with compensation in such amount as the Court may allow in accordance with the law, on the terms set forth in this Application;

2.    That such employment be authorized pursuant to the terms of this

APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

1      Application; and

2      3.  For such other relief as the Court may find just and proper.

3                                              /s/ ANERIO V. ALTMAN, ESQ.

4  Date: 8/14/2024                   Signed: _____
                                              ANERIO V. ALTMAN, ESQ.
5                                             PROPOSED COUNSEL FOR
                                              DEBTOR-IN-POSSESSION
6                                             KINETIC ENTROPY, LLC.

7

8  Dated: 8-15-24                   Signed: _____
                                              PATRICIA STEWART
9                                             MANAGING MEMBER
                                              KINETIC ENTROPY, LLC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
                                        – 11

                 APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

1   **DECLARATION OF PATRICIA STEWART CONCERNING LOYALTIES TO**

2                              **THE DEBTOR**

3      I, PATRCIA STEWART, declare as follows:

4   1. I am over the age of 18 years old and I am legally able and competent to testify to the

5      following in a court of law.

6   2. I am the Managing Member of the Debtor.

7   3. I have been instructed and understand what disinterested means under 11 U.S.C. Sec.

8      101(14) of the United States Bankruptcy Code, and understand further that LFB owes its

9      loyalties in this matter to the Debtor rather than to me.

10   4. I have read the above statements and the same are true as to the best of my knowledge.

11   5. By my signature below, I affirm that I make these declarations under penalty of perjury of

12      the laws of the United States and know that they are true.

13 Dated: 8-15-24                Signed: _Patricia A Stewart_

14                               PATRICIA STEWART

                                   MANAGING MEMBER

15                                    KINETIC ENTROPY, LLC.

16

17

18

19

20

21

22

23

24

APPLICATION TO EMPLOY LAKE FOREST BANKRUPTCY II, APC

## DECLARATION OF ANERIO V. ALTMAN, ESQ.

I, ANERIO V. ALTMAN, ESQ. declare:

1.    I am over the age of 18 years old and am legally competent and able to testify to the following in a court of law if required to do so.

2.    I am the attorney for KINETIC ENTROPY, LLC.  If called as a witness, I could competently testify to the following.

3.    I have read the statements in this motion.

4.    The document attached as <u>Exhibit 2</u> is a copy of my current resume.

5.    I have no interest in the Debtor or the Debtor's estate.

6.    I have not received a retainer.

7.    I have not received any compensation from any party at this time concerning this matter.

8.    I declare under penalty of perjury of the Laws of the United States that the statements herein are true and correct as to the best of my knowledge.

Dated: August 14th, 2024                    Signed: <u>/S/ ANERIO V. ALTMAN, ESQ.</u>
                                                        ANERIO V. ALTMAN, ESQ.
                                                        PROPOSED GENERAL COUNSEL FOR
                                                        KINETIC ENTROPY, LLC.

EXHIBIT 1

July 8, 2024

**<u>VIA EMAIL</u>**

Patricia Stewart
Managing Member of
Kinetic Entropy, LLC.
8414 Farm Road 180-278
Las Vegas ,NV 89121

**<u>RE:  Fee Agreement and Certain Disclosures</u>**

Dear Client:

The following documents are enclosed for you review and signature:

1.      Firm's Fee Agreement;
2.      Required Disclosures (if applicable);
3.      Addendum(s) for fees, penalties and scope of work.

**Please note that these documents *must be sent to you as a requirement of Federal Bankruptcy Law* whether or whether not you retain our Firm.**

**We are a Debt Relief Agency as defined under the Federal Code.  We help people file for Bankruptcy relief.**

Sincerely,

<u>/S/ Anerio V. Altman, Esq.</u>
Anerio V. Altman, Esq.
Supervising Bankruptcy Attorney
Lake Forest Bankruptcy

## <u>SUMMARY OF YOUR INITIAL CASE REVIEW</u>

This agreement addresses the Firm's retention to assist the Client in filing a bankruptcy petition under Chapter 11 of the United States Code.  After this analysis is performed, the Firm will file a Bankruptcy Petition based upon that analysis if the Client so desires.   This

Agreement is being executed for the purpose of establishing the terms and fees by which this Firm will represent the Client in the case once filed.  See Addendum B for further details.

   ***No services will be provided until the Firm receives all fees requested and costs and a signed copy of the fee agreement.***


SIGNATURES:

LAKE FOREST BANKRUPTCY II, APC

By:  _/S/ ANERIO V. ALTMAN, ESQ._
     ANERIO V. ALTMAN, ESQ.
     PRESIDENT/CEO


Date:   8/14/2024


ACCEPTED AND AGREED TO:


_____

Name:  Patricia Stewart


Date: 07 / 08 / 2024


## **ADDENDUM A**


Dear Client:

This letter confirms the terms and conditions on which Lake Forest Bankruptcy II, APC (hereinafter "the Firm") will provide legal services to the Client.  This written agreement is required by California Business and Professions Code §6148 for most attorney engagements, and is advisable to minimize the possibility of any

misunderstanding between the Firm and its clients.

Please carefully read the terms and conditions under which the Firm is willing to act as your attorney and to represent your interests. If this agreement is acceptable to you, please sign the cover page and addendums of this document, where indicated, and return it to our offices.

By signing this document, you are entering into a legally binding contract that is binding on both you and the Firm.  This document informs you of the legal work we will and will not do on your case; verifies the financial cost; and verifies your knowledge and approval of all terms of the contract.

The terms and conditions of this agreement regarding legal services ("Agreement") are as follows:

## I.     PARTIES TO AGREEMENT

The parties to the Agreement are Lake Forest Bankruptcy II, APC (the "Firm") and:

Debtor:         Kinetic Entropy, LLC byPatricia Stewart its Managing Member

The Debtor will be referred to as "Client" or "you" throughout this contract.

## II.     CONDITIONS

This *Agreement will not take effect*, and the Firm will *have no obligation* to provide any legal services or perform any work for you, until you return a signed copy of this agreement and pay the initial retainer required by the agreement.

## III.     SCOPE OF ENGAGEMENT AND SERVICES

The Client(s) retain the Firm for the purpose of representing them in a Bankruptcy Case filed under Chapter 11 of the United States Code.

Upon filing the Firm must apply to the United States Bankruptcy Court for approval of its employment in this matter. The Firm makes no guarantee that such employment will be approved, but as of the time of this writing, our request to be employed has never been rejected.

While the case is in Chapter 11, the Firm will charge its hourly rate for all services provided. Periodically during the case, the Firm will apply to the court to approve its costs and fees. Once those fees are approved by the court, the Firm will request that the Clien t make payment within 15 days of presentaiton of the Firm's invoice unless the Firm provides for additioanl time or arrangements for the Client to make payment.

## IV.    DUTIES OF CLIENT

You agree to:

1. Be truthful with us and to cooperate with our Firm;
2. Follow our instructions;
3. To keep us informed of developments that pertain to your finances, property or personal life as relevant to this case;
4. To abide by this Agreement; and
5. Keep us advised of your current address, telephone number, and whereabouts.

Further, prior to filing the petition, it is *your* responsibility to provide us with:

1.  Copies of all documentation requested by us for these legal services;
2.  All Fees for services as described in this agreement; and
3.  Information in your possession that we request from you.

**Specific Duties in a Bankruptcy Case—failure to comply with the following will result in the dismissal of your case and/or the non-dischargability of the debts in your case (meaning you will still owe all your creditors):**

- **DUTY TO COMPLETE THE MANDATORY CREDIT COUNSELING AND DEBTOR EDUCATION COURSES**:

1. *Prior to receiving his or her discharge*, the debtor **must take and pass** 2 **courses.**

- Credit Counseling Course prior to filing the petition; and
- Financial Management Course after filing the petition and prior to the 341(a) hearing.

1. The Client is advised and understands that the failure of the Client to complete these courses; sign a certificate of completion; and deliver said certificate to the Firm **may result in the inability to file the bankruptcy case or the closing of the Client's case by the court.**
2. **A closure of the case will require Client, not the Firm, to** ***pay a case reopening fee*** to file the debtor education course completion certificate in addition to any legal fees incurred in accordance with this agreement or by separate agreement with the firm.
3. The Firm is not liable for the ***Client's failure*** to complete these courses and return the completion certificate to us in a timely manner. **THESE FEES ARE THE SOLE RESPONSIBILITY OF THE CLIENT**.  The Firm will direct the Client to take these classes and inform them of their deadlines, but **FIRM IS NOT LIABLE FOR CLIENT (S) FAILURE TO PAY FOR AND COMPLETE THESE COURSES**. Courses may be taken on-line or by telephone.

- **DUTY TO AMEND THE PETITION FOR ADDITIONAL CREDITORS:**

1. Failure to list any creditors in a petition may be detrimental to your case, you must list all creditors to the best of your ability prior to filing the petition.
2. You agree to completely read through the completed bankruptcy petition prior to signing it and prior to the Firm filing it.  It is your responsibility to notice any missing creditors.
3. If the Clint is unable to list a creditor prior to filing the bankruptcy petition, the Client agrees that they ***will pay all required fees and supply the firm with any additional***

*creditors by the time of the 341a hearing or prior to receipt of the bankruptcy discharge*.

4. The firm recommends that additional creditors, if any, are added to the petition at one time, but the firm is not responsible for the Client's requests to amend their petition in a piecemeal manner.

## V.    FEES

The legal fees charged by this Firm will be listed on Addendum B. Addendum B is completed and incorporated into this Agreement prior to the filing of your petition. These fees do **not include the court filing fee(s)\*\*.**

All fees paid by you to the Firm are earned upon an hourly basis as work is performed.  Please note that this agreement is subject to the fee arbitration provisions of the California Bar.

*\*\* Court Filing Fees are subject to change by the U.S. Bankruptcy Court.  The Firm cannot predict when the fees will change and client is liable for any increases in court costs.*

**30-DAY REQUIREMENT**:  The Firm tries to prepare all cases for filing within 30 days of retention.

**The fee quoted by this FIRM EXPIRES IN 30 DAYS.**

The Firm imposes this deadline for the benefit of the Client in order to process and push forward the Client's case.

## CONVERSION OF A CHAPTER 11 CASE TO CHAPTER 13

If a Bankruptcy petition originally filed by the Client under Chapter 11 of the United States Code is later converted to Chapter 13 by the Client or other party or court, the Client understands that the Firm will request and expect payment of the above referenced Chapter 11 fees by way of application to the court of approval of the administrative fees.

## CONVERSION OF A CHAPTER 11 CASE TO CHAPTER 7

If a Bankruptcy petition originally filed by the Client under Chapter 11 of the United States Code is later converted to Chapter 7 by the Client or other party or court, the Client understands that the Firm will request and expect payment of $3,000.00 whether or whether not the full Chapter 11 fees referenced above have been paid by the Client, and before conversion of the matter to Chapter 7.

**WORK PERFORMED PRIOR TO FILING**

After the Bankruptcy analysis, if the Client decides to not file for Bankruptcy protection, the Firm will charge for any hourly work performed by it on behalf of the client and at the client's request at a rate of $400.00 an hour.

## VI.    TERMINATION OF THE FIRM BY THE CLIENT

The Client shall have the right to terminate and discharge the Firm at any time. Any such termination or discharge of the Firm must be in writing (no text or phone calls). In such event, the Client authorizes the Firm to make and retain a duplicate of the Client's file. The Client further agrees to bear all reasonable costs of transferring the Client's file to any new counsel chosen by the Client.

## VII.    WITHDRAWAL FROM REPRESENTATION BY THE FIRM

The attorney-client relationship is one of mutual trust and confidence. If you have any questions at all about the provisions of this Agreement; we encourage our clients to inquire about any matter relating to this Agreement.

In addition, the Client agrees that the Firm may withdraw from representing the Client on written notice sufficient to enable the Client to retain new counsel. Without limitation, the Firm can withdraw as counsel: (1) if the Firm decides to cease the practice of law; (2) if evidence discloses that the Client's case is without legal merit; (3) if the Firm determines that it does not wish to further represent the Client; (4) if the Client does not reasonably cooperate with the Firm regarding the Client's case; (5) if the Client is in material breach of this Agreement; or (6) for any reason authorized

by law or the California Rules of Professional Conduct.

## VIII.    DOCUMENT STORAGE POLICY

The Firm's policy with regard to documents at the conclusion of a matter is to maintain signature pages received from the Client for five years.  All other documents are forfeit upon receipt by the Firm. After five yars, all remaining documents in a file are destroyed and discarded. Accordingly, if there are any documents or papers you wish removed from your file at the conclusion of a matter, you must advise us in writing in order to ensure that the documents are not destroyed. In the event that, after the matter has been concluded, your files have been sent to off-site storage, the firm may request that you pay for the costs of retrieval of the files prior to any retrieval of your files.  The Client is responsible for any third party fees incurred in retrieving any previously filed documents.

## IX.    DISCLAIMER OF GUARANTEE

The Client understands that the Firm has made no representation or guarantee concerning the favorable termination of this matter or the favorable outcome of any legal proceedings (including any bankruptcy proceedings) that may be filed or defended on behalf of the Client.

## X.    VENUE

This Agreement has been executed, and is intended to be performed in the State of California, and governed by the laws of the State of California, and, to the extent applicable, federal bankruptcy law.

## XI.    NO PROMISES AND WARRANTIES

No promise, representation, or warranty has been made by or for the Firm in respect of this Agreement, except as set forth in this document. The Client acknowledges having had the opportunity to seek the advice of separate counsel with respect to this Agreement and Client has availed himself or herself of that opportunity to the extent that Client deemed appropriate.

## XII.    DISPUTE RESOLUTION

If any dispute arises between you and the Firm regarding our fees or services rendered in connection with this Agreement, such disputes shall be submitted to binding arbitration. Such a dispute would include any claim against the Firm for breach of contract, negligence, breach of fiduciary duty or other wrongdoing. The arbitration shall be conducted before the Orange County Bar Association. Neither party shall be entitled to attorney's fees.

## XIII.    MODIFICATION/INTEGRATION

No change or modification of this Agreement shall be effective until confirmed in a writing signed by the Firm and the Client that expressly refers to this Agreement. This document and Addendum B attached to this Agreement embody the entire agreement of the parties concerning the subject matter of this Agreement. There are no promises, terms, conditions, or obligations other than those contained in this Agreement and attached Exhibits shall supersede all previous communications, representations, or other agreements, either verbal or written, between the Firm and the Client.

## XIV.    METHOD OF COMMUNICATIONS

You authorize the firm to communicate with you and to send and receive confidential communications to you and from you via fax, email, and cellular telephone, even though these methods of communication have been shown to have some risk in that unauthorized third parties can access them.   Client further understands that the Firm will attempt to return all communications within 48 hours. Communications may be made to the Client by individuals authorized by the Firm, but do not have to be made by the Attorney.

**Client understands that the Firm makes no promises as to whether any communication made to us during the weekend will be returned until the next business day.**

**Sabbath Provision:   Client underestands that the Firm will not communicate with the Client during the period of time**

**from Friday at 5:00 P.M. until Sunday at 12:00 P.M. Any communication during this period of time does not waive this provision.**

We look forward to working with you and thank you once again for the opportunity to serve you.

## XV.    PRIVACY POLICY

The following is an explanation of the Firm's privacy policy regarding your personal or financial information. The Firm may collect nonpublic personal or financial information about you, either from you directly or from an outside source, in the course of representing you as contemplated by this Agreement. The Firm will disclose any such nonpublic information only to individuals or entities as necessary to provide you with the legal services contemplated by this Agreement. Examples of such individuals or entities include members of the Firm's staff, the courts, authorized third parties, and may also include your accountant, your realtor, your insurance company, or any other individual duly authorized as your agent if you have given the Firm their names. The Firm does not disclose any such nonpublic information to anyone except as and to the extent necessary in the course of representing you as contemplated by this Agreement. If for any reason you do not want us to disclose any such nonpublic information to any person or entity, please so notify us in writing and designate the nonpublic information that you wish not to be disclosed.

## XVI. COUNTERPARTS, FACSIMILE SIGNATURES

This Agreement may be signed in counterpart. Facsimile signatures of the Firm and the Client shall be effective as original signatures.

## XVII.    SEVERABILITY

If any portion of this Agreement is held by a court of competent jurisdiction to be invalid or otherwise unenforceable, the remaining provisions will remain enforceable to the fullest extent permitted by law. Furthermore, to the fullest extent possible, the provisions of this Agreement (including each portion of this Agreement containing any

provision held to be invalid or otherwise unenforceable, that is not itself invalid or unenforceable) will be construed so as to give effect to the intent manifested by the provision held invalid or unenforceable.

## XVIII.  TIME OF FILING

The Firm reserves the right to determine when the case will be filed. The Firm's normal filing policy is to file all cases either on a Friday or Saturday via the court's electronic filing system-CM/ECF.  Unless otherwise specified by the Client on Addendum B attached hereto and incorporated herein by this reference, the Client agrees that the time of filing is at the discretion of the Firm.

## XIX.    DETERMINING    VALUE    OF    COLLATERAL/HOME APPRAISALS AND ASSUMPTION OF RISK

The Firm recommends that **whenever possible the Client retain and employ the usage of a professional appraisal of the value of personal or real property** if determined by the Firm to be necessary for the benefit of the Client's case.  The ***Client assumes all risk for their failure, refusal or decision to not use a professional appraisal*** for personal or real property if the Firm has determined or recommended the usage of the same for the benefit of the Client's case.

When not determined by a professional appraiser the Firm will use the following values:

**Personal Property:**  The value stated by the Client for any personal property; or the value as determined by the Salvation Army by their suggested value for donated goods on their website.
**Vehicle Value:**  The highest retail value as determined by the Kelly Blue Book online version located at www.kbb.com.
**Home Value:**     The value determined by the website www.zillow.com.

DISAVOWAL OF RISK:  The Firm's disavows all risk for the final disposition of real property if the Client does not acquire an appraisal for such property prior to the filing of the case.

## XX.    INSURANCE

This Firm carries malpractice insurance.

## XXI.    CIRCULAR 230 DISCLOSURE

To ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

## <u>ADDENDUM B</u>

**PREPETITION FEES:**

The Firm requires a downpayment of $5,000 ("Dowpayment") prior to starting work on this matter and before the case is filed in bankruptcy court.

The Client is paying for the following services:

Chapter 11 Services to stave off a pending foreclosure. Post-Petition fees will be charged at an hourly rate of $500 an hour and subject to court approval.



**Dropbox** Sign                                                                                      Audit trail

---

| | |
|---|---|
| **Title** | Hello |
| **File name** | 2020MAR15_CHAPTER...0709-1-62zzi5.pdf |
| **Document ID** | f5230acabcc19c8d5c836a5e695561457ff3bd0c |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

---

This document was requested on lakeforestbankruptcy.cliogrow.com and signed on lakeforestbankruptcy.cliogrow.com

---

## Document History

| | | |
|---|---|---|
| **SENT** | **07 / 09 / 2024** 03:09:47 UTC | Sent for signature to Patricia Stewart (kinentropy@gmail.com) from avaesq@lakeforestbkoffice.com IP: 208.53.122.132 |
| **VIEWED** | **07 / 09 / 2024** 03:16:22 UTC | Viewed by Patricia Stewart (kinentropy@gmail.com) IP: 70.189.235.249 |
| **SIGNED** | **07 / 09 / 2024** 03:17:12 UTC | Signed by Patricia Stewart (kinentropy@gmail.com) IP: 70.189.235.249 |
| **COMPLETED** | **07 / 09 / 2024** 03:17:12 UTC | The document has been completed. |

EXHIBIT 2

# Anerio V. Altman, Esq.

LAKE FOREST BANKRUPTCY
460 East Trails End Drive
Belfair, WA 98528
Email:avaesq@lakeforestbkoffice.com
www.lakeforestbankruptcy.com

**LAKE FOREST BANKRUPTCY, SUPERVISING BANKRUPTCY ATTORNEY AND OWNER**
**2004-Current**

- Full Time Legal Employment
    - Filing Consumer and Business Bankruptcy Petitions under Chapter 7, 11, Subchapter V Chapter 11 and 13 in the Central, Southern and Eastern Districts of California.
    - Debtor, Creditor and Trustee Representation
    - Adversary Proceedings and Contested Matters under Chapters 7, 11 and 13 in the Central, Southern, Eastern and Northern Districts of California.
    - Appellate Case Work up to the Ninth Circuit Court of Appeals and the California 4th Circuit Court of Appeals, six published cases
    - Federal District Court litigation in the Central District of California under the Fair Debt Collection Practices Act, California Rosenthal Act, Fair Credit Reporting Act and Debt Collection through the United States District Court
    - Defense and Litigation in the California Superior Court Limited and Unlimited Civil Divisions focusing on various issues of insolvency.

- Supervisory Duties:
    - Work with 2-5 employees over a period of 20 years in one to three offices throughout Southern California.
    - Work with independent contractors and attorneys on various matters.
    - Work with "junior" attorneys assigned by the Public Law Center on their pro bono cases.

- Organizational Duties:
    - Management of a law firm for over 20 years.
    - Management and usage of various project management programs.
    - Experience with multiple computer programs, social media and case management.
    - Employee review and management.

- Professional Memberships
    - California Bar Membership in Good Standing Bar #228445
    - OC Bankruptcy Forum, Board of Directors                     2013-Current
      Worked with multiple attorneys and court staff on presentations to the legal community.
    - Former President and Board Member OCBA Bankruptcy Section        2007-2016
      Worked with multiple attorneys and court staff on presentations to the legal community.
    - Central District of California Rules Committee               2013-Current
      Work with the CDCA Judges and Court Personnel on the creation and implementation of new rules.
    - Consumer Bankruptcy Committee of Orange County              2015-Current
      Political Action Committee dedicated to the advocacy of Debtor's rights.

- Speaking Engagements
    - Yearly Orange County Bar Association Chapter 7 Training
    - Generally 5 speaking engagements, or organizing programs, per year for 15 years

- Education
    - University of California, Santa Cruz.  1992-1996.  Bachelor's in History.
    - Case Western Reserve University School of Law.  1999-2002.  Juris Doctorate.

References available upon request.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300 Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

Motion to Employ Lake Forest Bankruptcy II, APC

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders
and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __08/14/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Moriah Douglas Flahaut (TR) douglas.flahaut@arentfox.com, C194@ecfcbis.com
Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
David Samuel Shevitz David.S.Shevitz@usdoj.gov
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

### 2. SERVED BY UNITED STATES MAIL:
On (*date*) __08/14/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

### 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __08/14/2024__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/14/2024 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:24-bk-15376-BB
Central District of California
Los Angeles
Wed Aug 14 21:21:52 PDT 2024

Kinetic Return, LLC
8414 Farrm Rd
Las Vegas, NV 89131-8170

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Equifax
Po Box 105281
Atlanta, GA 30348-5281

Experian
P.O. Box 9530
Allen, TX 75013

FCI Lender Services, Inc.
PO Box 27370
Anaheim, CA 92809-0112

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
PERSONAL BANKRUPTCY MS A340
PO BOX 2952
Sacramento, CA 95812-2952

Internal Revenue Service
Centralized Insolvency Operation
Po Box 7346
Philadelphia, PA 19101-7346

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Los Angeles Department of Water & Power
Po Box 51111
Los Angeles, CA 90051-5700

Patricia Stewart
8414 Farm Rd # 180-278
Las Vegas, NV 89131-8170

Small Business Administration
409 3rd St, SW
Washington, DC 20416-0002

Transunion
Transunion Customer Solutions
Po Box 2000
Chester, PA 19016-2000

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Anerio V Altman
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681

Moriah Douglas Flahaut (TR)
555 W. Fifth Street, 48th Floor
Los Angeles, CA 90013-1065


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Los Angeles County Tax Collector
225 N Hill St # 1
Los Angeles, CA 90012


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)1st Cast Opportunity Fund LLC and Jayco Pr

End of Label Matrix
Mailable recipients    16
Bypassed recipients     1
Total                  17