Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Foothill Ranch, CA 92610
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com
**PROPOSED COUNSEL FOR DEBTOR-IN-POSSESSION KINETIC ENTROPY, LLC.**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| | |
|---|---|
| In re: KINETIC ENTROPY, LLC. | Case No.: 2:24-bk-15376-BB |
| | **Chapter:** 11 |
| | **DEBTOR-IN-POSSESSION KINETIC ENTROPY, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL** |
| | **JUDGE** |
| | Hon. Sheri Bluebond |
| | **HEARING DATE** |
| | Date: August 28th, 2024 |
| | Time: 10:00 A.M. |
| | Place: 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 |

///

- 1

RESPONSE TO ORDER TO SHOW CAUSE

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE, TO THE SUBCHAPTER V TRUSTEE DOUGLAS FLAUHAUT AND TO ALL OTHER PARTIES AND THEIR ATTORNEYS OF RECORD:**

KINETIC ENTROPY, LLC. ("Debtor") files this response (the "Response") to the court's Order to Show Cause Re: Dismissal as follows.

I.      BACKGROUND OF THE DEBTOR

The Debtor is a single member LLC which owns real property in Beverly Hills California. The managing member of the Debtor is Patricia Stewart. It has had no other members or officers since it was formed in 2019.

The Debtor's only asset is its real property located 2828 Benedict Canyon, Beverly Hills, CA 90210 ("Property").

Until recently, the Debtor's business activities was to rent out its Property. The Debtor acquired the property from an unrelated third party for the purchase price of $2,840,000. The current estimated value of the Property is approximately $4,000,000. The Property is a single family residence located on 1.6 acres. It is in good condition. The only current resident of the Property is Patricia Stewart, the Managing Member.

The monthly payment on the property is approximately $20,000. When the property was being rented out it would be rented out for a sum slightly greater than that payment amount.

The Debtor fell behind on its obligations owed to the first mortgage lender serviced by FCI Lender Services over the last 7 months and is now facing foreclosure. This bankruptcy was filed to stave off the foreclosure and to reorganize.

RESPONSE TO ORDER TO SHOW CAUSE

Other than the Property, the Debtor possesses $15,600 in cash assets.

The Debtor could possibly possess a claim as against its first mortgage holder for mortgage servicing abuses. The viability of these claims are not clear. The Debtor is researching the issue.

The Debtor has few creditors. There are two secured creditors, one priority creditor and two unsecured creditors.

Jayco Premium Finance[1] is the holder of the first mortgage attached to the Property. Jayco asserts that their claim is worth approximately $2,900,000. The Debtor asserts that there is a series of unauthorized charges for late fees and the amount in question should be closer to $2,600,000. Parties by counsel are in communication over resolving this issue. Debtor does not dispute that Jayco would have a secured interest in any rents generated by this property. A request to use cash collateral will be filed with the court if and when necessary.

Property taxes are owed to County of Los Angeles for the Home in the amount of approximately $30,000.

The IRS is owed approximately $80,000 in income tax from the Debtor. This is an estimate as the Debtor did not pay taxes on rental income earned for some period of time. The Debtor is filing a Motion to Employ Mr. Gordon Quan on behalf of the estate to finalize her tax return filings.

The SBA is owed approximately $150,000 from a pre-petition loan. This is undisputed.

LADWP The Los Angeles Department of Water and Power is owed $20,000 for unpaid utility bills. This is undisputed.

---

[1] Or any successor in interest. This claim is serviced by FCO Lender Services.

The Debtor is determining how to best reorganize. The Debtor must decide whether to sell or rent the Property, and must do so very quickly. Due to the liquidated dividend available to creditors in this matter, all unsecured creditors must be paid at 100% of the value of their claims. This is unavoidable. As a consequence, the Debtor would need to rent the home for at least $26,000 a month, which is higher rent than what they have rented it previously. In addition to prospective General Counsel, the Debtor has both real estate counsel and a realtor available to assist in this process.

The Debtor, by way of their litigation counsel, is negotiating a lower payoff for Jayco based on impermissible interest accrued and claimed on the note. Recent developments seem positive to resolving this issue.

II.    **HISTORY OF THE CASE**

This chapter 11 proceeding was filed on July 6th, 2024. The Debtor has never produced a financial statement, balance sheet, profit and loss statement, cash flow statement or tax return. <u>Declaration of Anerio V. Altman, Esq.</u>. The Debtor should have, but did not, file a Sec. 1116 declaration attesting to the non-existence of these documents.

Other than the Debtor's Sec. 1116 declaration, the Debtor filed a complete petition[2]. An initial debtor interview and 341a hearing were set. The Debtor, by her principal, attended both hearings and they were concluded. Other than the status conference, and the instant hearing on the Order To Show Cause Re Dismissal, no further hearings have been called in the case.

---

[2] The Debtor had to refile certain documents because the holographic signature was not visible. However, no changes were made to these documents.

- 4 -

RESPONSE TO ORDER TO SHOW CAUSE

1    The Debtor filed all documents required in this case other than the Sec. 1116 declaration.

2  **III.    THIS CASE SHOULD NOT BE DISMISSED OR CONVERTED**

3    The court should not dismiss or convert this case as such is not in the best interest of the creditors.

Under 11 U.S.C. 1112(b)(2) the court cannot dismiss or convert a case to Chapter 7 "if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-**(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and**(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-**(i)** for which there exists a reasonable justification for the act or omission; and**(ii)** that will be cured within a reasonable period of time fixed by the court.

**A.    DISMISSAL IS NOT IN THE BEST INTEREST OF THE CREDITORS**

The court cannot dismiss or convert the case if it identifies unusual circumstances that demonstrate dismissal or conversion. "Unusual circumstances" is not defined in the bankruptcy code. "Although section 1112(b) does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding.

" *In re Hinesley Family Ltd. P'ship No. 1* (Bankr. D. Mont. 2011) 460 B.R. 547, 552

In this matter, although it is not particularly unique, there are unusual circumstances present. The creditor body is in a less favorable place outside of bankruptcy than within it due to the available equity in the Debtor's Property. Any Chapter 11 Plan to be proposed by the Debtor must provide a 100% distribution to the unsecured creditors. The Debtor has one asset, which is its Property, and this asset includes nearly 1 million dollars of available equity. The unsecured creditor body consists of $80,000 of priority debt owed to the Internal Revenue Service and $130,000 of other unsecured obligations. This could be easily paid either through a plan of repayment, refinance or sale. The liquidation dividend in this case requires nothing less than 100% to be paid to the unsecured creditors.

Further, if this case is dismissed, outside of bankruptcy, the Property is facing a foreclosure which would deny all other creditors the opportunity to recover anything from this Debtor. All other creditors of the estate would be disenfranchised for the benefit of the senior lender on the Property. Alternatively, if there is no foreclosure, if the Debtor managed to work out something with the senior lender, there is no guarantee that the unsecured creditors would be paid on their obligations as the Debtor has no income at this time.[3]

Therefore, dismissal does not benefit the creditors of the estate.

**B.    CONVERSION IS NOT IN THE BEST INTEREST OF THE CREDITORS OF THE ESTATE**

Conversion of this case to Chapter 7 is not in the best interest of the creditors.

---

[3] The Debtor is intending to rent the property during the Chapter 11 to generate income again.

- 6 -

Creditors are likely to be paid more if this matter is confirmed as a Chapter 11 matter and the Debtor proposes, and confirms, a plan of repayment over time. Priority and unsecured creditors would be entitled to interest be paid on their claims as the Debtor's estate is solvent. *In re PG&E Corp.*, 46 F.4th 1047 (9th Cir. 2022), *reh'g denied*, No. 21-16043 (9th Cir. Oct. 5, 2022), *stayed pending petition for cert.*, No. 21-16043 (9th Cir. Oct. 27, 2022), This would not be the case in a Chapter 7 matter. Creditors would be paid only the value of the post-petition claim in a Chapter 7 proceeding.

Further, although the plight of the Debtor is not often considered in this situation, if this proceeds as a liquidation, the *Debtor* loses more of its equity in a Chapter 7 than in a Subchapter V Chapter 11 liquidation for no appreciable reason. A Chapter 7 Trustee's fees far exceed any expected legal fees of a fairly straightforward Chapter 11 plan of liquidation. Presuming the Property in question has a value of $4,000,000[4], with costs of sale at 6%, net distribution to the creditor body would be $3,760,000. The Chapter 7 Trustee statutory fees on that amount would be approximately $136,050 before Trustee's counsel's fees are considered. In a Chapter 11 liquidation under Subchapter V, the combined fees of a Subchapter V Trustee in what is essentially a real property sale, and the legal fees for Debtor's Counsel, are unlikely to exceed $50,000. Lastly, because this is a Subchapter V matter, no fees are owed to the United States Trustee.

Therefore, conversion at this time is not warranted.

**C. CONFIRMATION OF THE PLAN CAN OCCUR WITHIN A REASONABLE AMOUNT OF TIME**

---

[4] Per schedule A/B.

The Debtor can propose a plan to be confirmed by the court within a reasonable amount of time. First the creditors are not plentiful in this case. There are two secured creditors, one priority creditor and two unsecured creditors. There is only one creditor with any sort of disputed claim, Jayco as serviced by FCI Lender Services, and it appears the parties are close to a resolution on determining the value of FCI's claim. Second, the Debtor has only three routes to choose from: rent the Property, refinance the Property or sell the Property. The Debtor is exploring these options and one can be chosen within the time period in which a plan needs to be filed in a Subchapter V matter. Third, unless the Debtor rents the Property, there are no pending cash collateral issues that could not be resolved by stipulation by and between the parties. Fourth, the plan will not involve any cramdowns because the value of the secured property exceeds the secured claims.

There is no reason the plan could not be proposed and confirmed within a reasonable time period.

### D. THE DEFECT AT ISSUE WILL BE CURED BY THE TIME OF THE HEARING

The defect at issue will be cured by the time of the hearing.

The basis of the court's order to show cause pertains to the Debtor's failure to file the Sec. 1116 declaration (or any of the documents required by Sec. 1116 if they exist). The court should not dismiss or convert if the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-**(i)** for which there exists a reasonable justification for the act or omission that will be cured within a reasonable period of time fixed by the court. <u>11 U.S.C. Sec. 1112(b)(2).</u> The failure to file the Sec. 1116 declaration (or financial document required by Sec. 1116) is not one of the acts defined under paragraph (4)(A)-(i) of 1112.

The declaration attesting to the non-existence of the financial documents required by 11 U.S.C. Sec. 1116 will be executed and filed by the time of the hearing on the Order to Show Cause. It is currently awaiting signature and would have been filed at the time of this writing but the Debtor's principal was not able to print out and execute the document on the day in which it was to be filed.

### E. THE FAILURE TO FILE THE 1116 DECLARATION IS DUE TO NEGLECT OF COUNSEL

The Debtor's failure to file the Sec. 1116 declaration is due to negligence of counsel rather than any act by the Debtor or Debtor's principal.

Debtor's Counsel has been in practice twenty years and this was the first case in which he represented a Debtor who possessed absolutely *none* of the required documents. Usually, Debtors in Small Business Cases have something they can file such as an old tax return or, at the very least, a laughably inaccurate Profit and Loss Statement or Balance Sheet. Here, although Debtor's principal keeps financial records for her business, the Debtor's principal *handwrites* such information and none of it is maintained in Quickbooks, Quicken or some other electronic media that can produce the necessary reports. Debtor's counsel forgot about the requirement of a declaration in lieu of these documents when the Debtor possesses none of the required 1116 documents to file with the court.

This neglect is excusable and, since none of this information could be provided to the court anyway, no party was prejudiced by the failure to include this information.

### IV. PRAYER

For the reasons stated above, the Debtor requests that the court discharge the Order to Show

1 | Cause.

2 | Date: August 21, 2024                    Signed: /S/ ANERIO V. ALTMAN, ESQ.
3 |                                                   ANERIO V. ALTMAN, ESQ.
                                                      PROPOSED COUNSEL FOR
                                                      DEBTOR-IN-POSSESSION
4 |                                                   KINETIC ENTROPY, LLC.

## DECLARATION OF ANERIO V. ALTMAN, ESQ.

I, ANERIO V. ALTMAN, ESQ. declare:

1. I am over the age of 18 years old and am legally competent and able to testify to the following in a court of law if required to do so.

2. I am the attorney for KINETIC ENTROPY, LLC. If called as a witness, I could competently testify to the following.

3. The Debtor's failure to file the Sec. 1116 declaration is due to negligence of counsel rather than any act by the Debtor or Debtor's principal.

4. I have been in practice twenty years and this was the first case in which I represented a Debtor who possessed absolutely *none* of the required documents. Usually, Debtors in Small Business Cases have something they can file such as an old tax return or, at the very least, a laughably inaccurate Profit and Loss Statement or Balance Sheet. Here, although Debtor's principal keeps financial records for her business, I have been informed the Debtor *handwrites* such information and none of it is maintained in Quickbooks, Quicken or some other electronic media that can produce the necessary reports. I had forgotten about the declaration to be filed where the Debtor has none of the required 1116 documents to file with the court.

5. The declaration attesting to the non-existence of the financial documents required by 11 U.S.C. Sec. 1116 will be executed and filed by the time of the hearing on the Order to Show Cause. It is currently awaiting signature and would have been filed at the time of this writing but the Debtor's principal was not able to print out and execute the document on the day in which it was to be filed.

6. I declare under penalty of perjury of the Laws of the United States that the statements

herein are true and correct as to the best of my knowledge.

Dated: August 21, 2024          Signed: /S/ ANERIO V. ALTMAN, ESQ.
ANERIO V. ALTMAN, ESQ.
PROPOSED GENERAL COUNSEL FOR
KINETIC ENTROPY, LLC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300 Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

Response

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __08/21/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Moriah Douglas Flahaut (TR) douglas.flahaut@arentfox.com, C194@ecfcbis.com
Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
David Samuel Shevitz David.S.Shevitz@usdoj.gov
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) __08/21/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __08/21/2024__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/21/2024 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          Kinetic Entropy, LLC                  Los Angeles Division
0973-2                                    8414 Farrm Rd                         255 East Temple Street,
Case 2:24-bk-15376-BB                     Las Vegas, NV 89131-8170              Los Angeles, CA 90012-3332
Central District of California
Los Angeles
Wed Aug 21 23:00:42 PDT 2024

Equifax                                   Experian                              FCI Lender Services, Inc.
Po Box 105281                             P.O. Box 9530                         PO Box 27370
Atlanta, GA 30348-5281                    Allen, TX 75013                       Anaheim, CA 92809-0112


FRANCHISE TAX BOARD                       Franchise Tax Board                   Internal Revenue Service
BANKRUPTCY SECTION MS A340                PERSONAL BANKRUPTCY MS A340           Centralized Insolvency Operation
PO BOX 2952                               PO BOX 2952                           Po Box 7346
SACRAMENTO CA 95812-2952                  Sacramento, CA 95812-2952             Philadelphia, PA 19101-7346


(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE   Los Angeles Department of Water & Power   Patricia Stewart
ATTN BANKRUPTCY UNIT                      Po Box 51111                          8414 Farm Rd # 180-278
PO BOX 54110                              Los Angeles, CA 90051-5700            Las Vegas, NV 89131-8170
LOS ANGELES CA 90054-0110


Small Business Administration             Transunion                            United States Trustee (LA)
409 3rd St, SW                            Transunion Customer Solutions         915 Wilshire Blvd, Suite 1850
Washington, DC 20416-0002                 Po Box 2000                           Los Angeles, CA 90017-3560
                                          Chester, PA 19016-2000


Anerio V Altman                           Moriah Douglas Flahaut (TR)
Lake Forest Bankruptcy II, APC            555 W. Fifth Street, 48th Floor
P.O. Box 515381                           Los Angeles, CA 90013-1065
Ste 97627
Los Angeles, CA 90051-6681
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Los Angeles County Tax Collector
225 N Hill St # 1
Los Angeles, CA 90012
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)1st Cast Opportunity Fund LLC and Jayco Pr    End of Label Matrix
                                                 Mailable recipients    16
                                                 Bypassed recipients     1
                                                 Total                  17
```