SNELL & WILMER L.L.P.
Michael Reynolds, Bar No. 174534
mreynolds@swlaw.com
Joshua R. Duffy, Bar No. 269478
jduffy@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Secured Creditor
1st Cast Opportunity Fund LLC and Jayco Premium Finance of California, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KINETIC ENTROPY, LLC,<br><br>    Debtor. | Case No. 2:24-bk-15376-BB<br><br>Chapter 11<br><br>**Secured Creditor's Objection to Debtor's Motion for Order Authorizing Employment of John Holmes as Real Estate Salesperson for the Sale of the Debtor's Real Property Located at 2828 Benedict Canyon Drive, Beverly Hills, California 90210, and Request for Hearing; Supporting Declaration of Joshua Duffy**<br><br>Hearing Information:<br>Date:    [To be set]<br>Time:    [To be set]<br><br>HEARING TO BE CONDUCTED IN PERSON, TELEPHONICALLY, OR BY VIDEO |

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE DOUGLAS FLAUHAUT, AND TO DEBTOR AND ITS COUNSEL:

PLEASE TAKE NOTICE that 1st Cast Opportunity Fund LLC and Jayco Premium Finance of California, Inc. (the "Lender"), secured creditor of the above-captioned debtor Kinetic Entropy, LLC (the "Debtor"), by and through undersigned counsel, hereby submits this limited

1  opposition ("Objection") to the Debtor's Motion to Employ John Holmes of Lawyers Realty

2  Group ("Brokerage Firm") as Real Estate Broker to market and sell the Debtor's real property

3  commonly known as 2828 Benedict Canyon Drive, Beverly Hills, CA 90210 ("Property"), filed

4  November 26, 2024, as Docket No. 42 ("Application"), and requests a hearing regarding the

5  same.

6        To be clear, Lender does not object to Debtor employing competent professionals to

7  maximize the Property's sale price. Lender does, however, object to these professionals at this

8  time. Lender objects on the following grounds:

9        1.     The Application omits information necessary to show the qualifications of the

10  proposed broker and the reasons for Debtor's selection of the proposed broker, all of which is

11  required by Federal Rule of Bankruptcy Procedure ("FRBP") 2014; and

12        2.     Neither Mr. Holmes nor Mr. Lewis are disinterested from the Debtor or the estate

13  so as to adequately and ethically fulfill their roles as professionals, in violation of 11 U.S.C

14  Sections 1107(a) and 101(14).

15  **I.**

16  **GENERAL BACKGROUND**

17        Debtor pledged the Property as collateral in connection with a pre-petition commercial

18  loan made by Lender. The loan matured post-petition, although the amount owed is the subject of

19  some dispute. It is undisputed, however, that Lender's deed of trust is in first position and the

20  amount of the debt is at least $2.6 million. Pre-petition, Debtor committed various payment-

21  related defaults prompting Lender to commence non-judicial foreclosure proceedings. The

22  foreclosure was halted by the instant Chapter 11 filing.[1]

23        Going back several months pre-petition, Debtor was represented exclusively and

24  aggressively by Mr. Lewis, who owns the Brokerage Firm that employs Mr. Holmes. Mr.

25  Holmes presumably answers to Mr. Lewis as his supervisor. Mr. Lewis appears to have exerted

26  functional control over the Debtor's decision-making both pre- and post-petition, notwithstanding

27

28  [1] Lender expressly reserves the right to seek dismissal and/or stay relief to resume its foreclosure efforts independent of this limited objection.

- 2 -  OBJECTION TO DEBTOR'S MOTION TO EMPLOY JOHN HOLMES

his efforts to hide behind the moniker of proposed "special litigation counsel". As referenced below, this relationship should have been disclosed; the relationship itself and the failure to disclose it alike raise serious questions about the fitness of the Brokerage Firm, Mr. Holmes and Mr. Lewis.

## II.

## LENDER'S OBJECTION

**A.    Additional Information Regarding the Broker's Qualifications is Needed.**

FRBP 2014 requires, in relevant part:

> The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, *the reasons for the selection*, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. Fed. Rule Bank. Proc. 2014(a) (emphasis added).

The Court may deny an employment application that fails to provide information about the qualifications of the proposed professional and how the debtor selected the professional. *See In re High Voltage Eng'g Corp.*, 311 B.R. 320, 335 (Bankr. D. Mass. 2004) (where the court denied a debtor's application for, among other reasons, the debtor's failure to provide information regarding the selection of the financial advisory firm sought to be employed).

Here, the Application is devoid of specific information regarding the professional qualifications of Mr. Holmes as a real estate broker, and how or why the Debtor selected Mr. Holmes to serve as the real estate broker to sell the Property. In fact, the only information provided within the Application about Mr. Holmes is: (1) his broker's license number (set forth in the Listing Agreement attached as Exhibit A to the Application);[2] (2) the fact that Mr. Holmes has been with the Brokerage Firm since 2014; and (3) a snippet within Mr. Holmes's Declaration, wherein he states that "[t]he Firm" – but not Mr. Holmes himself – "has extensive experience in residential and commercial real estate transactions."

---

[2] The Listing Agreement is dated as of October 10, 2024, approximately two months before Debtor filed the Application. The Debtor provides no explanation for the delay.

But there is no information regarding Mr. Holmes' experience with respect to:

- Residential real estate generally, including how many sales over how long a period, and how many sales in the recent residential real estate boom.
- Single family homes, including how many sales over how long a period, and how many sales in the recent sales boom for single family dwellings.
- Single family homes used primarily for commercial purposes.
- Single family homes in the hilly (view lot) area of Beverly Hills, well-known to be its own sub-market as compared to Beverly Hills generally.
- Single family homes with similar footprints and lot sizes in the hilly area of Beverly Hills.

In fact, it appears that Mr. Holmes' only qualification is that he works for Debtor's "special litigation counsel", Mr. Derik Lewis, who has been materially in control of the Debtor for nearly a year, having orchestrated the Debtor's loan defaults, aggressive post-default behavior and Chapter 11 filing.

More information regarding Mr. Holmes and his professional qualifications is therefore needed so that a realistic determination can be made of whether Mr. Holmes can adequately serve as the Broker to sell the Property. Likewise, more information is needed as to why the Debtor selected Mr. Holmes and the Brokerage Firm owned by Mr. Lewis. This information is especially important in this case, as the Debtor's primary asset to be utilized in reorganizing its debts is the Property to be sold.

**B.    Mr. Lewis, Mr. Holmes and the Brokerage Firm are Not Disinterested.**

Under 11 U.S.C. Section 1107(a), the power of a debtor in possession to employ professionals is the same as that of a trustee, and the extent of that power is circumscribed by Code Section 327(a). Section 327(a) provides that a proposed professional, including a broker, must meet the following requirements: (1) the broker may not hold or represent an interest adverse to the estate; and (2) the broker must be a disinterested person pursuant to 11 U.S.C. Section 101(14).

11 U.S.C. Section 101(14)(C) defines a "disinterested person" as someone who, in relevant part, "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or ***indirect relationship*** to, connection with, or interest in, the debtor, or ***for any other reason***." (emphasis added). The Ninth Circuit BAP has concluded as follows:

> The Code's definition of disinterestedness "covers not only actual impropriety, but the appearance of impropriety as well." *In re Paolino*, 80 B.R. 341, 345 (Bankr. E.D. Pa. 1987); *see also Martin*, 817 F.2d at 180-81 ("Section 327 is intended, however, to address the appearance of impropriety as much as its substance, to remove the temptation and opportunity to do less than duty demands."); *In re Vebeliunas*, 231 B.R. 181, 191-92 (Bankr. S.D.N.Y. 1999) ("[t]o be disinterested is 'to prevent even the appearance of a conflict'" and a disinterested person "'should be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters.'") (citations omitted). *Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139, 153 (B.A.P. 9th Cir. 2006).

Employment of a professional with even a potential conflict is "disfavored." *See In re Am. Printers & Lithographers, Inc.*, 148 B.R. 862, 866-67 (Bankr. N.D. Ill. 1992).

Here, Debtor discloses in its Application that Derik Lewis, "who is the prospective special litigation counsel on behalf of the Debtor," also conveniently owns the Brokerage Firm for which Mr. Holmes works. *See*, *Application*, Page 4, Lines 19-21. As such, Debtor readily admits that Mr. Lewis, as prospective special litigation counsel[3] and the owner of the Brokerage Firm that will receive the broker fees for the sale of the Property, has, at the very least, an indirect relationship with the Debtor and/or the bankruptcy estate. Mr. Lewis and/or the Brokerage Firm that employs Mr. Holmes are therefore not disinterested parties and Mr. Holmes should not be appointed as the Broker for the Debtor/estate as a result of this relationship.

The Debtor has argued in its Application that there is no problem with a conflict or disinterestedness because Mr. Lewis will not be "actively" involved in the marketing of the estate or directing the sale of the Property. *Application*, Page 4, Lines 19-21. This argument fails to state the obvious. Mr. Lewis, as the owner of the Brokerage Firm employing Mr. Holmes, will

---

[3] As of the filing of this Objection, the Debtor has not yet filed an application to employ Mr. Lewis.

- 5 -

OBJECTION TO DEBTOR'S MOTION TO EMPLOY JOHN HOLMES

1  receive a direct pecuniary benefit from Mr. Holmes's appointment once the Property is sold,

2  regardless of Mr. Lewis's involvement.

3      Moreover, Mr. Lewis, as the owner of the Brokerage Firm, could exert influence on any

4  number of factors related to the sale of the Property (and on Mr. Holmes, his Firm's employee)

5  depending on how the litigation between the Lender and the Debtor is proceeding, and Mr.

6  Holmes, as the employee of the Brokerage Firm owned by Mr. Lewis, could end up in an

7  untenable situation if that influence were to be exerted.

8      Further, the Application conspicuously fails to disclose the extent to which Mr. Lewis has,

9  for all intents and purposes, represented and exerted control over the Debtor during the critical

10 pre- and post-petition periods and has made it clear that he – not Mr. Altman nor Ms. Stewart – is

11 the Debtor's spokesperson and primary decision-maker.  So much so, in fact, that Mr. Lewis, not

12 the Debtor's owner Patricia Stewart, attended a recent mediation on the Debtor's behalf.  It

13 certainly seems at least possible that Mr. Lewis' duties and loyalties as counsel are being

14 influenced by his role as owner of the Brokerage Firm.

15     Further, although the Application indicates that the Brokerage Firm does not have a claim

16 against the Debtor or the Estate, it is entirely plausible that Mr. Lewis does have such a claim.  He

17 has performed extensive pre- and post-petition legal services for Debtor in connection with

18 Lender's claim.  It is certainly conceivable that Debtor owes money to Mr. Lewis or that Mr.

19 Lewis is the potential recipient of preferential payments.  By failing to disclose Mr. Lewis'

20 extensive role in the Debtor's pre- and post-petition squabbles with Lender (and intentionally

21 down-playing his role as prospective "special litigation counsel"), the Application only raises

22 more questions about the Debtor's candor.

### III.

### <u>CONCLUSION</u>

25     For the foregoing reasons, Lender respectfully requests that the Court deny the

26 Application without prejudice. Alternatively, prior to any approval of the Application, Lender

27 requests that Debtor be required to supplement the record to provide further information

28 regarding the reasons for Debtor's selection of Mr. Holmes, including his resume and a more

- 6 -  OBJECTION TO DEBTOR'S MOTION TO EMPLOY JOHN HOLMES

1  detailed summary of his qualifications as to the sale of the Property, and to provide more

2  information as to the disinterestedness of Mr. Holmes, Mr. Lewis, and the Brokerage Firm.

3  Lender further requests any and all such additional relief as the Court deems just and proper.

5  Dated: December 10, 2024                SNELL & WILMER L.L.P.

                                           By: /s/Michael Reynolds
                                               Michael Reynolds
                                               Joshua R. Duffy

                                           Attorneys for Secured Creditor
                                           1st Cast Opportunity Fund LLC and Jayco
                                           Premium Financing of California, Inc.

SNELL & WILMER L.L.P.
Michael Reynolds, Bar No. 174534
mreynolds@swlaw.com
Joshua R. Duffy, Bar No. 269478
jduffy@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Secured Creditor
1st Cast Opportunity Fund LLC and Jayco Premium Finance of California, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No. 2:24-bk-15376-BB |
|---|---|
| KINETIC ENTROPY, LLC, | Chapter 11 |
| Debtor. | **Declaration of Joshua R. Duffy in Support of Secured Creditor's Objection to Debtor's Motion for Order Authorizing Employment of John Holmes as Real Estate Salesperson for the Sale of the Debtor's Real Property Located at 2828 Benedict Canyon Drive, Beverly Hills, California 90210, and request for hearing** |
| | Hearing Information:<br>Date: [To be Set]<br>Time: [To be Set] |

I, Joshua R. Duffy, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice in the State of California and before this Court, and am a partner at Snell & Wilmer, L.L.P., attorneys for Secured Creditor, 1st Cast Opportunity Fund LLC and Jayco Premium Finance of California, Inc. ("Lender"). I have personal knowledge of the matters stated herein and, if called upon as a witness, I could and would testify competently thereto. Capitalized words used herein but not defined shall have the meanings ascribed to them in the concurrently filed Objection ("Objection") to Debtor's Motion

DECLARATION OF JOSHUA DUFFY

1  ("Motion") for Order Authorizing Employment of John Holmes as Real Estate Salesperson for
2  the Sale of the Debtor's Real Property Located at 2828 Benedict Canyon Drive, Beverly Hills,
3  California 90210 ("Property").

4      2.    Lender engaged my law firm, Snell & Wilmer, L.L.P., in or around May 23, 2024,
5  to represent it with respect to the objections and demands of Debtor and its counsel, Derik Lewis
6  of the Vantis Law Firm ("Mr. Lewis"), based upon the pending nonjudicial foreclosure
7  proceedings commenced against the Property by Lender as a result of the various monetary
8  defaults that existed under the Loan. From and after the time that I started representing the
9  Lender through the filing of the Debtor's bankruptcy case, my partner Michael Reynolds and I
10 dealt exclusively with Mr. Lewis in his capacity as counsel for the Debtor and Ms. Stewart, the
11 Debtor's principal.

12     3.    From the end of May 2024 through July 8, 2024, the date of the filing by the
13 Debtor of the instant bankruptcy case, Mr. Reynolds and I had many communications with Mr.
14 Lewis. In many of the communications with Mr. Lewis, Mr. Lewis accused the Lender, me, Mr.
15 Reynolds, and our Firm of engaging in "illegal and unfair debt practice[s]" through alleged
16 violations of a number of consumer loan protection schemes wholly inapplicable to the Loan
17 made by the Lender to the Borrower.

18     4.    On July 9, 2024, the day after the filing of the bankruptcy petition by the Debtor,
19 Mr. Lewis, and not Mr. Altman, sent me an email providing me with copies of the Notice of
20 Bankruptcy Case Filing and Bankruptcy Petition for the instant matter. A true and correct copy
21 of Mr. Lewis's email (without the attachments) is attached hereto as Exhibit "1" and is
22 incorporated herein by this reference.

23     5.    Post-petition, it was Mr. Lewis, and not Mr. Altman, who initially reached out to
24 me and Mr. Reynolds via email on behalf of Debtor to see whether the matter could be settled
25 with Lender.

26     6.    As stated by Mr. Altman in his Status Report on file with the Court as Docket No.
27 45, Lender and Debtor attended a mediation held by the Subchapter V Trustee via Zoom. As
28 further stated by Mr. Altman in his Status Report, Ms. Stewart, the principal of the Debtor, did

not attend the mediation, but Mr. Lewis, even though he has not been approved by the Court as any type of counsel for the Debtor, appeared at the mediation with Mr. Altman on behalf of the Debtor.

7. In addition, after having received and reviewed a copy of the Debtor's mediation brief, it is clear to me that it was prepared and signed by Mr. Lewis, not Mr. Altman. The brief contains the caption for Mr. Lewis and his law firm on the first page of the brief, and the signature at the end of the brief is Mr. Lewis's. Based upon the foregoing, I am informed and believe that Mr. Lewis was the primary attorney representing the Debtor during the mediation, all without the attendance of Ms. Stewart, the Debtor's principal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of December, 2024, at Costa Mesa, California.

JOSHUA R. DUFFY, Declarant

# EXHIBIT 1

**From:** dlewis@vantislaw.com <dlewis@vantislaw.com>
**Sent:** Tuesday, July 9, 2024 6:15 AM
**To:** Reynolds, Michael <mreynolds@swlaw.com>
**Cc:** Duffy, Joshua <jduffy@swlaw.com>
**Subject:** Notice of Bankruptcy Filing & Petition

**[EXTERNAL] dlewis@vantislaw.com**

Please see the attached.

Regards

*Derik N. Lewis | Attorney*

1

# VANTIS LAW

120 Vantis Drive, Suite 300
Aliso Viejo, California 92656
Phone: (949) 216-0935 x243
Fax: (949) 296-0935
Email: dlewis@VantisLaw.com

*This e-mail (including all attachments) is intended only for use by the designated addressee and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that reading, disseminating, distributing or copying this e-mail or any attachments is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone at (949) 216-0935, permanently delete this e-mail and all electronic copies from your computer and destroy all print copies.*

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

600 Anton Blvd., Suite 1400, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **(1): Secured Creditor's Objection to Debtor's Motion for Order Authorizing Employment of John Holmes as Real Estate Salesperson for the Sale of the Debtor's Real Property Located at 2828 Benedict Canyon Drive, Beverly Hills, California 90210, and Request for Hearing; Supporting Declaration of Joshua Duffy; and (2): Declaration of Joshua R. Duffy in Support of Secured Creditor's Objection to Debtor's Motion for Order Authorizing Employment of John Holmes as Real Estate Salesperson for the Sale of the Debtor's Real Property Located at 2828 Benedict Canyon Drive, Beverly Hills, California 90210, and request for hearing** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/10/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman: LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com, ecf@casedriver.com; Moriah Douglas Flahaut: df@echoparklegal.com, C194@ecfcbis.com; Anne C Manalili: anne.manalili@sba.gov; Michael B Reynolds: mreynolds@swlaw.com, kcollins@swlaw.com; David Samuel Shevitz: David.S.Shevitz@usdoj.gov; United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **12/10/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Kinetic Entropy, LLC., 8414 Farm Rd, Las Vegas, NV 89121

Chamber's Copies: United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1534 / Courtroom 1539, Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/10/2024 | Kevin Roger | /s/Kevin Roger |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**